No. 22-11287

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

HEALTH FREEDOM DEFENSE FUND, *ET AL.*,
*Plaintiffs-Appellees*,

v.

JOSEPH R. BIDEN, JR., PRESIDENT OF THE UNITED STATES, *ET AL.*,
*Defendants-Appellants.*

On Appeal from the United States District Court for
the Middle District of Florida (8:21-cv-01693-KKM)

# BRIEF OF HONORABLE THOMAS MASSIE, ET AL. AS *AMICI CURIAE* IN SUPPORT OF HEALTH FREEDOM DEFENSE FUND

**SIRI & GLIMSTAD LLP**
745 Fifth Ave., Ste. 500
New York, NY 10151
Tel: (212) 532-1091
Fax: (646) 417-5967

**Chris Wiest, Attorney at Law, PLLC**
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
Tel: (513) 257-1895

*Counsel for Amicus Curiae*

*Health Freedom Defense Fund v. Biden*, No. 22-11287

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENTS

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for *Amici* certifies that the following have an interest in the outcome of this appeal:

Honorable Thomas Massie, Honorable Rand Paul, Honorable Andy Biggs, Honorable Dan Bishop, Honorable Lauren Boebert, Honorable Andrew Clyde, Honorable Warren Davidson, Honorable Bob Good, Honorable Paul Gosar, Honorable Marjorie Taylor Greene, Honorable Brian Mast, Honorable Alex Mooney, Honorable Barry Moore, Honorable Ralph Norman, Honorable Bill Posey, Honorable Matt Rosendale, and Honorable Chip Roy. None of the *Amici* filers are a corporation and therefore have no subject corporations to report.

DATED: August 8, 2022                                   **Siri & Glimstad, LLP**

Catherine Cline, Esq.
745 Fifth Ave., Ste. 500
New York, NY 10151
Tel: (212) 532-1091
Fax: (646) 417-5967
ccline@sirillp.com

*Counsel for* Amici Curiae

ii

## TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………………iv

INTEREST OF AMICI CURIAE…………………………………………………..1

STATEMENT OF THE ISSUES…………………………………………………..2

ARGUMENT……………………………………………………………………….2

    <u>A.</u>    The CDC Lacks Any Statutory Authority to Adopt the
Mask Mandate……………………………………………………………….3

    B.    Any authority granted to the CDC from Congress violates
the Nondelegation Doctrine and raises issues under the Major Questions
Doctrine…………………………………………………………………...6

CONCLUSION…………………………………………………………………….8

CERTIFICATE OF COMPLIANCE……………………………………………….9

CERTIFICATE OF SERVICE……………………………………………………10

iii

## TABLE OF AUTHORITIES

**Cases**

*A.L.A. Schechter Poultry Corp. v. United States*,
 295 U.S. 495 (1935)..................................................................................7

*Ala. Ass'n of Realtors v. HHS*,
 141 S. Ct. 2485 (2021)...............................................................................3

*Florida v. Becerra*,
 2021 WL 2514138, 2021 U.S. Dist. LEXIS 114297
 (M.D. Fla. June 18, 2021)..........................................................................3

*J.W. Hampton v. United States*,
 276 U.S. 394 (1928)...................................................................................7

*Massie v. Centers for Disease Control and Prevention*,
 No. 1:22-cv-31 (W.D. Ky)..........................................................................1

*Panama Ref. Co. v. Ryan*,
 293 U.S. 388, 421 (1935) ...........................................................................7

*Tiger Lily, LLC v. United States HUD*,
 5 F.4th 666 (6th Cir. 2021) .........................................................................4

*United States v. Bornscheuer*,
 563 F.3d 1228 (11th Cir. 2009) ..................................................................5

**Statutes**

42 U.S.C. Section 264. 86 Fed. Reg. .............................................................. passim

U.S. Const. Art. I, §1.............................................................................................6

# INTEREST OF AMICI CURIAE

*Amici* are House Members Honorable Thomas Massie, Honorable Andy Biggs, Honorable Dan Bishop, Honorable Lauren Boebert, Honorable Andrew Clyde, Honorable Warren Davidson, Honorable Bob Good, Honorable Paul Gosar, Honorable Marjorie Taylor Greene, Honorable Brian Mast, Honorable Alex Mooney, Honorable Barry Moore, Honorable Ralph Norman, Honorable Bill Posey, Honorable Matt Rosendale, and Honorable Chip Roy, as well as United States Senator Honorable Rand Paul (collectively, the "Congress Members *Amici*").[1]

Congress Members *Amici* have a strong interest in this case, as demonstrated by the fact that they brought their own litigation challenging the Mask Mandate which is currently pending in the Western District of Kentucky. *See Massie v. Centers for Disease Control and Prevention*, No. 1:22-cv-31 (W.D. Ky). Congress Members *Amici* are all sitting Members of Congress who hail from and represent 13 different states: Alabama, Arizona, Colorado, Florida, Georgia, Kentucky, Montana, North Carolina, Ohio, South Carolina, Texas, Virginia, and West Virginia. In light of their profession, Congress Members *Amici* frequently

---

[1] No party's counsel authored this brief in whole or in part. No party or party's counsel contributed money that was intended to fund preparing or submitting this brief. No person beyond amici curiae or their counsel contributed money intended to fund preparing and submitting this brief.

1

travel via commercial airlines that were subject to the Appellants' Mask Mandate, each taking numerous flights per year. Congress Members *Amici*, like Plaintiffs-Appellees, would be required to wear a mask on each of these flights and while traveling through airports throughout the United States if the Mask Mandate is reinstated. Congress Members *Amici* object to wearing a mask and they would not, and have not done so, in the absence of the Mask Mandate. Accordingly, Congress Members *Amici* have an immediate and substantial interest in the legal issue presented in this appeal since the outcome of this litigation impacts them personally in addition to their constituents. In particular, Congress Members *Amici* take the position that the Centers for Disease Control and Prevention ("**CDC**") lacked Congressional authority to enact and implement the mandate via the statutes it cites as granting it authority to do so.

## STATEMENT OF THE ISSUES

Whether this Court should affirm the district court's Order vacating the CDC's Mask Mandate where the CDC lacked the legal authority to promulgate the Mask Mandate.

## ARGUMENT

The Court should affirm the district court's ruling for two primary reasons: (1) none of the statutes or regulations cited by the CDC for the authority to adopt this regulation permit the CDC to implement or enforce the Mask Mandate; and (2)

even assuming *arguendo* that Congress had granted the CDC the authority to promulgate the Mask Mandate (which it did not), this authority would, absent a clear directive from Congress, violate the nondelegation doctrine based on the text of the statute that CDC cites for the proposition that it has this never-before exercised authority.

### A. The CDC Lacks Any Statutory Authority to Adopt the Mask Mandate

The CDC bases its authority to adopt and enforce the Mask Mandate on its view of the meaning of 42 U.S.C. Section 264. 86 Fed. Reg. at 8029. But the Mask Mandate clearly exceeds the plain language, as well as the history, of the cited statutory authority. Where an agency action lacks statutory authority, the court must hold such action as unlawful and set it aside. 5 U.S.C. § 706(2)(c).

The plain language of Subsection (a) of Section 264 has already been interpreted by the Supreme Court in *Ala. Ass'n of Realtors v. HHS*, 141 S. Ct. 2485 (2021). Although Defendants claim that Section 264(a) gives the CDC broad authority to take steps it deems necessary to control the spread of COVID-19, the second sentence severely limits such authority "by illustrating the kinds of measures that could be necessary: inspection, fumigation, disinfection, sanitation, pest extermination, and destruction of contaminated animals and articles." *Id.* at 2488; *Florida v. Becerra*, 2021 WL 2514138, 2021 U.S. Dist. LEXIS 114297, at

\*59 (M.D. Fla. June 18, 2021) ("In short, several canons of statutory interpretation—such as *ejusdem generis*, *noscitur a sociis*, the canon against surplusage, the constitutional avoidance canon, and the major questions doctrine—gravitate against CDC's broad interpretation [of § 264(a)].")

Additionally, Section 264(a) includes a catchall provision allowing the CDC to take "other measures, as in his judgment may be necessary." But traditional methods of statutory interpretation indicate that this catchall provision is quite limited: namely, it is limited to the kinds of things that are expressly set out in the list of measures Congress has authorized. First, the interpretive doctrines of *ejusdem generis* and *noscitur a sociis* limit the power conferred by the catchall phrase to measures that are similar to the ones listed. *See Canton Police Benevolent Ass'n of Canton v. United States*, 844 F.2d 1231, 1236 (6th Cir. 1988) (Under the doctrine of *ejusdem generis*, "a general word in a statute takes its character from the specific words with which it appears."). Indeed, the Supreme Court came to the same conclusion when it stated that the second sentence of Section 264(a) illustrates the "kinds of measures that could be necessary." *Ala. Ass'n of Realtors*, 141 S. Ct. at 2488. The authorized acts are strictly limited to those that concern "identifying, isolating and destroying the disease itself." *Id.* And, as it turns out, and we explain below, a face covering has nothing to do with identifying, isolating, or destroying the disease.

As the Sixth Circuit observed in *Tiger Lily, LLC v. United States HUD*, 5 F.4th 666, 671 (6th Cir. 2021), the CDC's authority under the catchall provision was limited to only the specific actions listed or to those that are similar. "[T]he residual phrase in the second sentence of § 264(a) – which allows the Secretary to take 'other measures' he deems necessary to stop the spread of disease – encompasses measures that are similar to inspection, fumigation, destruction of animals, and the like."). *Id.* at 671. If the Secretary really had the power "to impose any regulation he thought 'necessary to prevent the introduction, transmission, or spread of communicable diseases,' there would be no need to specifically authorize the apprehension and detention of infected individuals in Section 264(d), or the inspection and fumigation of contaminated properties in Section 264(a). Those specific grants of power would be superfluous." *Id.* at 671. Indeed, providing such a construction would violate the maxim that all words in a text must be given independent meaning. *United States v. Bornscheuer*, 563 F.3d 1228, 1137 (11th Cir. 2009).

Here, the Mask Mandate is nothing like the authorized actions that precede the catchall provision – inspection, fumigation, disinfection, sanitation, pest extermination, destruction of contaminated animals or articles. The Mask Mandate is different because it does not relate to "identifying, isolating and destroying the disease itself." *Ala. Ass'n of Realtors*, 141 S. Ct. at 2488. Unlike the previously

5

listed actions, the Mask Mandate does not directly target the disease, but instead is a sweeping decree that extends to all individuals whether they are infected or not and fails to take account of any likelihood of such persons being infected. Indeed, in most cases, the Mask Mandate imposes its requirements where the disease is not present at all.

The CDC's expansive interpretation of its power would render the specifically listed items under Section 264 mere surplusage. Further, if the CDC's authority was limited only by its own discretion as to what is "necessary," there are no meaningful constraints on its authority and the statute runs afoul of the nondelegation doctrine. All of the controlling case law and the doctrines of construction point to the fact that Section 264(a) unambiguously limits the power of the CDC, and that the Mask Mandate clearly exceeds those powers and should be set aside.

### B. Any authority granted to the CDC from Congress violates the Nondelegation Doctrine and raises issues under the Major Questions Doctrine

Even assuming *arguendo* that Congress had granted the CDC the authority to promulgate the Mask Mandate (which Congress Members *Amici* assert it did not), this authority would violate the nondelegation doctrine. Article I, Section I of the U.S. Constitution (U.S. Const., Art 1, §1) states: "All legislative powers herein granted shall be vested in a Congress of the United States." Beyond

exceeding the authority granted to the CDC under 42 U.S.C. § 264 and the relevant regulations, the Mask Mandate also constitutes an unconstitutional delegation of legislative power to the CDC. *J.W. Hampton v. United States*, 276 U.S. 394 (1928); *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495 (1935); *Panama Ref. Co. v. Ryan*, 293 U.S. 388, 421 (1935).

If 42 U.S.C. § 264 could, in fact, be read to authorize the CDC to implement the Mask Mandate (which is not the case), it does not provide adequate boundaries that meaningfully constrain the agency's authority. As the CDC sees it, as long there is even a nebulous, tenuous connection to the spread of disease, the CDC is empowered to enact the measures. Giving Section 264(a) a broad and untethered grant of authority, as the CDC suggests, grants the Secretary legislative authority by giving him the power to "make and enforce" regulations without providing any meaningful boundaries. The only "boundary" is what "in his judgment are necessary," which is not a meaningful constraint. 42 U.S.C. § 264. Accordingly, it violates the nondelegation doctrine.

Even if this authority had been granted, under the CDC's reading of Section 264(a), both "the degree of agency discretion" and "the scope of the power congressionally conferred" are practically limitless, even though the two should be inversely correlated. *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 475 (2001). By any measure, that is an unconstitutional delegation. There is no

reason "to assume that Congress intended to give" the CDC such "unprecedented power," *Industrial Union Dep't, AFL-CIO v. Am. Petroleum Inst.*, 448 U.S. 607, 645-46 (1980) (plurality opinion).

## CONCLUSION

Congress Members *Amici* respectfully request this Court *affirm* the district court's entry of judgement in favor of Plaintiffs-Appellees.

Dated: August 8, 2022

**SIRI & GLIMSTAD LLP**

*/s/ Cline*

Catherine Cline, Esq.
Florida Bar Number: 125955
ccline@sirillp.com

Aaron Siri, Esq.
Elizabeth A. Brehm, Esq.
745 Fifth Ave., Ste. 500
New York, NY 10151
Tel: (212) 532-1091
Fax: (646) 417-5967

**Chris Wiest, Attorney at Law, PLLC**
Christopher Wiest
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
Tel: (513) 257-1895
chris@cwiestlaw.com

*Counsel for* Amici Curiae

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limits of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 1707 words. This brief also complies with the typeface and type-style requirement of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

DATED: August 8, 2022                              **Siri & Glimstad, LLP**

Catherine Cline, Esq.
745 Fifth Ave., Ste. 500
New York, NY 10151
Tel: (212) 532-1091
Fax: (646) 417-5967
ccline@sirillp.com

*Counsel for* Amici Curiae

## CERTIFICATE OF SERVICE

I hereby certify that on **August 8, 2022**, I electronically filed the foregoing **Brief of Honorable Thomas Massie,** *et al.* **as** *Amici Curiae* **in Support of Health Freedom Defense Fund,** *et al.* with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

I further hereby certify that I mailed the foregoing **Brief of Honorable Thomas Massie,** *et al.* **as** *Amici Curiae* **in Support of Health Freedom Defense Fund,** *et al.* to the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by causing four (4) copies of this document to be deposited United States Postal Service, Priority Mail and addressed to:

Clerk of Court<br>
U.S. Court of Appeals for the 11th Circuit<br>
56 Forsyth St. N.W.<br>
Atlanta, Georgia 30303

DATED: August 8, 2022                               **Siri & Glimstad, LLP**

*/s/ Cline/*

Catherine Cline, Esq.
745 Fifth Ave., Ste. 500
New York, NY 10151
Tel: (212) 532-1091

Fax: (646) 417-5967
ccline@sirillp.com

*Counsel for* Amici Curiae