# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

No. 22-11287

HEALTH FREEDOM DEFENSE FUND, INC.,
et al,

    *Plaintiffs-Appellees*,

v.

JOSEPH R. BIDEN, JR., et al,

    *Defendants-Appellants*.
_____/

_____

Appeal from the United States District Court
For the Middle District of Florida
_____

**PLAINTIFFS/APPELLEES' BRIEF IN RESPONSE TO THE COURT'S ORDER REGARDING MOOTNESS RE: DOC 85**

Brant C. Hadaway, B.C.S.
Diaz, Reus & Targ, LLP
100 S.E. 2nd Street
Suite 3400
Miami, FL 33131
Tel: 305-375-9220
bhadaway@diazreus.com

*Counsel for Plaintiffs/Appellees*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1(a)(3), the undersigned certifies that the following persons have or are believed to have an interest in the outcome of this appeal:

Becerra, Xavier

Beckenhauer, Eric B.

Biden, Jr., Joseph R.

Boynton, Brian M.

Cetron, Martin S.

Davillier Law Group, LLC

Daza, Ana Carolina

Freidah, Andrew F.

Gerardi, Michael J.

Hadaway, Brant C.

Hadaway, PLLC

Handberg, Roger B.

Health Freedom Defense Fund, Inc., a not-for-profit corporation ("HFDF")

Klein, Alisa B.

Manookian, Leslie, President and Chairperson of HFDF

Mizelle, Honorable Kathryn Kimball, U.S. District Court Judge

i

Pezzi, Stephen M.

Pope, Sarah

Porcelli, Honorable Anthony E., U.S. Magistrate Judge

Seamon, Richard H.

Springer, Brian J.

United States of America

U.S. Centers for Disease Control and Prevention

U.S. Department of Health and Human Services

Walensky, Rochelle P.

Walker, Johnny H.

Wentz, Jr., George Robinson

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENET .................................................................................. i

TABLE OF CONTENTS ................................................................................... iii

TABLE OF AUTHORITIES ............................................................................. iv

PRELIMINARY NOTE .................................................................................... vi

    I.    INTRODUCTION .................................................................................. 1

    II.    ARGUMENT ......................................................................................... 2

        A. Whether CDC Has the Authority to Order Masks or Like Interventions Under Section 264(a) Is Capable of Repetition. ............................................. 2

        B. The Question of Complete Vacatur Is Capable of Repetition. ...................... 5

        C. Plaintiffs Satisfy the Same Complaining Party Prong. ................................. 7

        D. The Above Issues Are Likely to Evade Review. .......................................... 8

        E. This Case Falls Under the Voluntary Cessation Exception to Mootness. ..... 9

    III.    ALTERNATIVELY, THE COURT SHOULD DECLINE TO VACATE THE JUDGMENT BELOW. ....................................................................... 10

CONCLUSION ................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*Alabama Ass'n of Realtors v. HHS*,
  141 S. Ct. 2485 (2021) ................................................................................ 6

*Alabama v. CMS*,
  674 F.3d 1241 (11th Cir. 2012) ................................................................... 5

*Arcia v. Sec'y of Fla.*,
  772 F.3d 1335 (11th Cir. 2014) ................................................................... 8

*Audubon of Kan., Inc. v. United States DOI*,
  No. 21-3209, 2023 U.S. App. LEXIS 11792 (10th Cir. May 15, 2023) ............. 7

*Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs*,
  781 F.3d 1271 (11th Cir. 2015) ................................................................... 5

*Christian Knights of the KKK Invisible Empire, Inc. v. Dist. of Columbia*,
  972 F.2d 365 (D.C. Cir. 1992) ..................................................................... 8

*Del Monte Fresh Produce Co. v. United States*,
  570 F.3d 316 (D.C. Cir. 2009) ................................................................ 2, 8

*Flanigan's Enters. v. City of Sandy Springs*,
  868 F.3 1248 (11th Cir. 2017) ................................................................ 9, 10

*Friends of the Earth, Inc. v. Laidlaw Envt. Servs.*
  *(TOC), Inc.*, 528 U.S. 167 (2000) ................................................................ 7

*GBX Assocs., LLC v. United States, Case No. 1:22-cv-401*,
  2022 U.S. Dist. LEXIS 206500 (N.D. Ohio Nov. 14, 2022) ............................. 5

*Hall v. Sec'y, State of Ala.*,
  902 F.3d 1294 (11th Cir. 2018) ................................................................... 7

*Health Freedom Defense Fund, Inc., et al v. Biden, et al*,
  599 F. Supp. 3d 1144 (M.D. Fla. 2022) .............................................. 4, 5, 7

*Honig v. Doe*,
  484 U.S. 305 (1988) ............................................................................... 2, 4

*Kiakombia v. Wolf*,
  498 F. Supp. 3d 1 (D.D.C. 2020) ................................................................ 5

*Lujan v. Nat'l Wildlife Federation*,
    497 U.S. 871 (1990) ............................................................................... 5

*Murphy v. Hunt*,
    455 U.S. 478 (1982) ...............................................................................2

*Nat'l Ass'n of Bds. of Pharm. V. Bd. of Regents*,
    633 F.3d 1297 (11th Cir. 2011) ....................................................... 9, 10

*Nat'l Solid Wastes Mgmt. Ass'n v. Alabama Dep't of Envtl. Mgmt.*,
    924 F.2d 1001 (11th Cir. 1991) ......................................................... 2, 7

*Neb. Press Ass'n v. Stuart*,
    427 U.S. 539 (1976) ........................................................................... 2, 8

*Southern Pacific Terminal Co. v. ICC*,
    219 U.S. 498 (1911) ............................................................................... 2

*United States v. Texas*,
    U.S. Sup. Ct. Case No. 22-58 ............................................................... 5

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
    513 U.S. 18 (1994) .............................................................................. 10

## Statutes

5 U.S.C. § 706 .............................................................................. 1, 5, 6
8 U.S.C. § 1252 ....................................................................................... 5
42 U.S.C. §247d ..................................................................................... vi
42 U.S.C. § 264 .......................................................................... 1, 2, 3, 4, 6

## Other Authorities

85 Fed. Reg. 15337 ............................................................................... vi
86 Fed. Reg. at 8030 ............................................................................. vi
Eleventh Circuit Rule 26.1-1 ................................................................... i
Federal Rule of Appellate Procedure 32 ............................................... 11
H.J. Res. 7 ............................................................................................. vi

# **PRELIMINARY NOTE**

The Court's Order [Doc. 85] presumes that H.J. Res. 7 terminated the Secretary of Health and Human Services' determination under section 319 of the Public Health Service Act (42 U.S.C. 247d) that a public health emergency exists, and that this in turn terminated CDC's Transportation Mask Order. *See* Order (citing 86 Fed. Reg. at 8030). However, it appears that CDC construed H.J. Res. 7 as having terminated President Trump's declaration of a national emergency, 85 Fed. Reg. 15337, but not the HHS determination of a public health emergency (the "HHS PHE"), which expired on May 11, 2023. *See* CDC, *Expired Order: Wearing of face masks while on conveyances and at transportation hubs*, https://www.cdc.gov/quarantine/masks/mask-travel-guidance.html (last viewed on May 18, 2023).

Accordingly, this brief presumes that the Mask Order terminated due to the expiration of the HHS PHE on May 11, 2023.

## I.     **<u>INTRODUCTION</u>**

Commenting at oral argument on the fact that CDC had not sought a stay of the ruling below, Judge Jordan suggested that it was "because the Government wants, right or wrong, correct or incorrect, . . . the ability to put something like [the Mask Order] in place in the future." *See* Audio, Jan. 17, 2023 Oral Argument. Plaintiffs agree that this is the most logical reading of CDC's conduct. Far from being an urgent matter of public health, this appeal is about the power of the administrative state. And that is precisely why dismissal and vacatur of the ruling below would give CDC the ability to do this—or something like it—again while evading review in this Court and in the Supreme Court.

Two issues in this case are capable of repetition yet evading review: (1) whether 42 U.S.C. § 264(a) confers upon CDC the statutory authority to promulgate a nationwide mandate requiring individuals to use a medical device in transportation hubs and onboard conveyances, regardless of whether those individuals are healthy or ill or are traveling interstate or intrastate; and (2) whether complete vacatur is the proper remedy for a rule of nationwide impact where a district judge having jurisdiction under 5 U.S.C. § 706(2) finds that the challenged rule was unlawfully promulgated. As well, both questions fall under the voluntary cessation doctrine and should therefore not be deemed moot. But if the Court finds that the case is moot, it should decline to vacate the judgment below.

1

## II. ARGUMENT

The termination or repeal of a rule or order does not render the case moot "if the underlying dispute between the parties is one 'capable of repetition, yet evading review.'" *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 546 (1976) (quoting *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911)). To satisfy this exception, "the Supreme Court has required that (1) there be a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and that (2) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration." *Nat'l Solid Wastes Mgmt. Ass'n v. Alabama Dep't of Envtl. Mgmt.*, 924 F.2d 1001, 1003 (11th Cir. 1991) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482-83 (1982) (internal quotation marks omitted)). "By 'evading review' 'the Supreme Court has meant evading Supreme Court review.'" *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 322 (D.C. Cir. 2009) (citation omitted). The party asserting this exception to mootness is not required to demonstrate that a recurrence of the dispute is more probable than not, but only that the controversy is *capable* of repetition. *See Honig v. Doe*, 484 U.S. 305, 318 n.6 (1988).

### A. Whether CDC Has the Authority to Order Masks or Like Interventions Under Section 264(a) Is Capable of Repetition.

The most fundamental dispute in this case is whether CDC (or HHS) was authorized by the word "sanitation," or the phrase, "and other measures, as in [its]

2

judgment may be necessary," as found in Section 264(a) of the PHSA, to require every person boarding a commercial or public transportation conveyance, or entering a transportation hub, to wear a mask (or, as the case may be, to don a medical device or accept any kind of medical intervention, whether as a condition for travel or otherwise). This controversy is certainly capable of repetition.

As was discussed at oral argument, the only logical reason why CDC would have declined to seek a stay while pursuing this appeal would be that it wants to reclaim the authority to order every member of the traveling public to don a medical device, whether healthy or not. This could be accomplished by a ruling on the merits or by slow-walking the case to run out the clock on the HHS PHE.[1] Either way, CDC's conduct indicates a more permanently expansive interpretation of its regulatory authority under the PHSA.

For example, CDC's webpage on "Travelers' Health," which the agency updated after the HHS PHE expired, provides a hint of what is likely to come under the heading, "Masking During Travel":

> Respiratory infections are a leading cause for seeking medical care among returning travelers. Common respiratory infections *include* COVID-19, *influenza, and the common cold. Masking is a critical public health tool for preventing the spread of respiratory diseases.*

---

[1] The latter point also applies to the voluntary cessation doctrine. *See infra*, Part II.E.

3

https://wwwnc.cdc.gov/travel/page/masks (updated May 12, 2023) (last viewed on May 18, 2023) (emphasis added). In other words, despite zero evidence that mask mandates have ever had a measurable impact on the spread of respiratory viruses, including during the 1918 flu pandemic (*see* Ans. Br. at III.B), and despite the fact that CDC's own data shows that the Mask Order did nothing to prevent the interstate spread of COVID-19 (*see* Dkt. 48-1), CDC has expanded the scope of its masking guidance to include the flu and the common cold.

At the same time, CDC has conspicuously declined to offer any limiting principle on what the words "sanitation [] and other measures" in Section 264(a) mean. *See* Ans. Br. at 21-22. Taken to its logical conclusion, CDC's amorphous, *a la carte* definition of "sanitation" would give it the authority to even regulate sexual encounters between consenting adults. Ans. Br. at 33-35. As the District Court found, according to CDC "[e]very act necessary to prevent disease spread would be possible under [the word] sanitation." *Health Freedom Defense Fund, Inc., et al v. Biden, et al*, 599 F. Supp. 3d 1144, 1161 (M.D. Fla. 2022).

A dismissal with vacatur on remand will only give CDC what it wants—"the ability to put something like [the Mask Order] in place in the future"—while evading review of its expansive claim of authority. Thus, the question of CDC's statutory authority under Section 264(a) is capable of repetition. *See Honig*, 484 U.S. at 318 n.6.

4

### B.   The Question of Complete Vacatur Is Capable of Repetition.

This Court has previously noted the distinction between vacatur under the APA and an injunction. *Alabama v. CMS*, 674 F.3d 1241, 1244-45 (11th Cir. 2012). This Court has also previously found that "vacatur is the ordinary APA remedy." *Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs¸* 781 F.3d 1271, 1290 (11th Cir. 2015). Writing in a dissent that apparently reflected the view of the full Supreme Court, Justice Blackmun observed in *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871 (1990) that "a single plaintiff, so long as he is injured by [agency action], may obtain 'programmatic' relief that affects the rights of parties not before the court." *Id*. at 913.[2]

Other courts have likewise noted the "long-held understanding that once a rule is vacated, it is vacated for everyone." *Kiakombia v. Wolf*, 498 F. Supp. 3d 1, 52 (D.D.C. 2020) (citation omitted). For its part, the District Court provided sound reasons for why complete vacatur was appropriate. *See Health Freedom*, 599 F. Supp. 3d at 1176-78. But federal courts are not in uniform agreement. *See GBX Assocs., LLC v. United States*, Case No. 1:22-cv-401, 2022 U.S. Dist. LEXIS 206500, at *27-42 (N.D. Ohio Nov. 14, 2022) (discussing split of authority).

---

[2]   A question concerning vacatur under the APA is pending before the Supreme Court in *United States v. Texas*, No. 22-58. However, the scope of the question presented appears to be limited to whether vacatur under 5 U.S.C. § 706(2) is barred by 8 U.S.C. § 1252(f)(1). *See* Docket at Jul. 22, 2022.

5

Particular attention was paid to this question at oral argument, but the circumstances giving rise to the question were of CDC's own making. Of all the COVID-19 interventions undertaken by the United States Government, none was as far-reaching as the Mask Order. It impacted not only every individual who boarded an aircraft, bus, train, intra-city metro, taxi, or Uber or entered a transportation hub, but also those who *wished* to travel on non-personal conveyances but were unable to do so because they could not wear a mask, would not wear a mask, or were otherwise unable to comply with the Order. *See, e.g.*, Dkt. 39-4. It seems unlikely that even CDC's highly intrusive eviction moratorium, which the Supreme Court held to be an invalid exercise of CDC's authority under Section 264(a) in *Alabama Ass'n of Realtors v. HHS*, 141 S. Ct. 2485 (2021), directly affected so many individuals.

If the ordinary remedy under the APA is vacatur, then by imposing a rule that governed the conduct of every person who traveled or wished to travel on a conveyance, *CDC assumed the risk* that at least one district court would find the Order to be unlawful and grant the remedy provided by Congress. 5 U.S.C. § 706(2). Thus, when CDC imposes another nationwide mandate like the Mask Order, it follows that the issue of nationwide vacatur will recur.

### C. Plaintiffs Satisfy the Same Complaining Party Prong.

Part of the capable of repetition standard includes the requirement that the controversy is likely to recur involving the same complaining party. *Nat'l Solid Wastes Mgmt. Ass'n*, 924 F.2d at 1003. This Court has recognized that "[t]he requirement that the plaintiff show a prospect of personal future involvement with the challenged practices may be relaxed substantially with respect to matters of public interest." *Hall v. Sec'y, State of Ala.*, 902 F.3d 1294, 1303 (11th Cir. 2018) (discussing authorities).

Case law further indicates that, once a member organization like Health Freedom Defense Fund ("HFDF") has demonstrated Article III standing, the mootness exception doctrine applies as though that organization was an individual. *See, e.g., Friends of the Earth, Inc. v. Laidlaw Envt. Servs. (TOC), Inc.*, 528 U.S. 167, 180-92 (2000) (explaining distinction between Art. III standing at the outset of the case and mootness); *Audubon of Kan., Inc. v. United States DOI*, No. 21-3209, 2023 U.S. App. LEXIS 11792, at *24-32 (10th Cir. May 15, 2023). Despite its misleading argument that relief should have been limited to "five individuals" (In. Br. at 31), CDC never challenged HFDF's organizational standing to bring suit on behalf of its members. *See Health Freedom,* 599 F. Supp. 3d at 1155. Moreover, the District Court properly took judicial notice that HFDF "has members throughout the country." *Id.* at 1178 n. 5.

It is therefore inevitable that, when CDC reimposes another mask mandate or similar rule affecting individuals nationwide, members of HFDF will be directly affected. Accordingly, the same parties prong is satisfied.

### D.     The Above Issues Are Likely to Evade Review.

The capable of repetition yet evading review exception to mootness applies where "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration[.]" *Arcia v. Sec'y of Fla.*, 772 F.3d 1335, 1343 (11th Cir. 2014). The Mask Order—or something like it—satisfies this prong. First, as noted above, the D.C. Circuit has pointed out that "[b]y 'evading review' 'the Supreme Court has meant evading Supreme Court review.'" *Del Monte*, 570 F.3d at 322. *See also Neb. Press Ass'n*, 427 U.S. at 546 (noting that "if we decline to address the issues in this case on grounds of mootness, the dispute will evade review, or at least considered plenary review in this Court[.]"). Obviously, this controversy has not reached the Supreme Court.

The "evading review" element has also been described as directed toward "a kind of justiciability by necessity[.]" *Christian Knights of the KKK Invisible Empire, Inc. v. Dist. of Columbia*, 972 F.2d 365, 369 (D.C. Cir. 1992) (citation omitted). That would aptly describe this controversy, as the fitful circumstances of epidemics and seasonal surges in respiratory virus infections are likely to prove too

short in duration for the questions presented to be resolved before future interventions are lifted.

### E.  This Case Falls Under the Voluntary Cessation Exception to Mootness.

"It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Nat'l Ass'n of Bds. of Pharm. V. Bd. of Regents*, 633 F.3d 1297, 1309 (11th Cir. 2011) (internal quotation marks and citations omitted). The party claiming mootness under this doctrine ordinarily "bears a heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start again." *Flanigan's Enters. v. City of Sandy Springs*, 868 F.3 1248, 1256 (11th Cir. 2017). On the other hand, "governmental entities and officials [are] given considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities." *Id*. But where, like here, "the intervening governmental action does not rise to the level of a full legislative repeal," this Court has held that the issue will not be rendered moot if there is "some reasonable basis to believe that the policy will be reinstated if the suit is terminated." *Id*.

This Court considers three non-exclusive factors for guidance on how to apply this mootness exception to a governmental cessation of a challenged policy: first, whether the policy change "is merely an attempt to manipulate [the Court's] jurisdiction"; second whether the "decision to terminate the challenged conduct

9

was unambiguous"; and third, "whether the government has consistently maintained its commitment to the new policy[.]" *Id.* at 1257 (citations and internal quotation marks omitted). As to the first factor, CDC slow-walked this appeal to avoid an adjudication on the merits, even going so far as to signal that the Court need not rule on this matter by advising in February of the pending expiration of the PHE. *See* Supp. Notice to the Court [Doc. 84] (Feb. 16, 2023).

As to the second and third factors, CDC has not been willing to commit to a more limited interpretation of its statutory authority. Indeed, as Judge Jordan aptly pointed out, the only reason CDC brought this appeal in the first place was to wrest back the power to implement another mandate like the Mask Order. The case thus falls within the voluntary cessation doctrine.

### III. ALTERNATIVELY, THE COURT SHOULD DECLINE TO VACATE THE JUDGMENT BELOW.

Because termination of the Mask Order was *not* outside CDC's control, if the Court determines the case is moot then Plaintiffs ask that the Court decline to order vacatur of the judgment below. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24-26 (1994).

### CONCLUSION

Based on the foregoing, Plaintiffs ask that the Court hold that the case is not moot or, in the alternative, decline to vacate the judgment below.

Date: May 23, 2023                    */s/ Brant C. Hadaway*
                BRANT C. HADAWAY, B.C.S.

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief complies with the typeface and type-style requirement of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

                *s/ Brant C. Hadaway*
                Brant C. Hadaway

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2023, I electronically filed the foregoing Brief with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit via the Court's CM/ECF system, which will automatically serve all counsel of record via CM/ECF notice.

*/s/ Brant C. Hadaway*
BRANT C. HADAWAY, B.C.S.
