No. 22-11287

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

HEALTH FREEDOM DEFENSE FUND, INC., *et al.*,

*Plaintiffs-Appellees*,

v.

JOSEPH R. BIDEN, JR., President of the United States, *et al.*,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Middle District of Florida

**SUPPLEMENTAL BRIEF FOR APPELLANTS ON MOOTNESS**

BRIAN M. BOYNTON
  *Principal Deputy Assistant
  Attorney General*

ROGER B. HANDBERG
  *United States Attorney*

ALISA B. KLEIN
BRIAN J. SPRINGER
  *Attorneys, Appellate Staff
  Civil Division, Room 7537
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 616-5446*

*Health Freedom Defense Fund v. Biden*, No. 22-11287

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-2(b), counsel for the defendants-appellants certify that they are not aware of persons or entities with an interest in the outcome of this appeal that have been omitted from the certificate of interested persons contained in the opening brief or in any other filed brief.

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................1

STATEMENT ...................................................................................................... 2

ARGUMENT ....................................................................................................... 4

CONCLUSION .................................................................................................. 10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF CITATIONS

**Cases:** **Page(s)**

*Aaron Private Clinic Mgmt. LLC v. Berry*,
  912 F.3d 1330 (11th Cir. 2019) ................................................................. 7

*Al Najjar v. Ashcroft*,
  273 F.3d 1330 (11th Cir. 2001) ......................................................... 1, 6, 8

*Already, LLC v. Nike, Inc.*,
  568 U.S. 85 (2013) ..................................................................................... 6

*Alvarez v. Smith*,
  558 U.S. 87 (2009) ..................................................................................... 8

*Arizona v. Mayorkas*,
  No. 22-592, 2023 WL 3516120 (U.S. May 18, 2023) ........................... 1, 8

*Brach v. Newsom*,
  38 F.4th 6 (9th Cir. 2022) (en banc),
  *cert. denied*, 143 S. Ct. 854 (2023) .................................................. 5, 7, 9

*Burke v. Barnes*,
  479 U.S. 361 (1987) ....................................................................................7

*County of Butler v. Governor of Pennsylvania*,
  8 F.4th 226 (3d Cir. 2021),
  *cert. denied*, 142 S. Ct. 772 (2022) ...................................................... 5, 9

*Djadju v. Vega*,
  32 F.4th 1102 (11th Cir. 2022) ................................................................. 8

*Gagliardi v. TJCV Land Tr.*,
  889 F.3d 728 (11th Cir. 2018) ................................................................. 4

*Genesis Healthcare Corp. v. Symczyk*,
  569 U.S. 66 (2013) ..................................................................................... 5

*Ghandtchi, In re*,
  705 F.2d 1315 (11th Cir. 1983) ................................................................ 8

*Keohane v. Florida Dep't of Corr. Sec'y*,
   952 F.3d 1257 (11th Cir. 2020) ................................................................. 7

*Resurrection Sch. v. Hertel*,
   35 F.4th 524 (6th Cir.) (en banc),
   *cert. denied*, 143 S. Ct. 372 (2022) ...................................................... 5, 9

*Soliman v. United States ex rel. Immigration & Naturalization Serv.*,
   296 F.3d 1237 (11th Cir. 2002) ................................................................. 5

*Spell v. Edwards*,
   962 F.3d 175 (5th Cir. 2020) ................................................................. 5, 9

*Spencer v. Kemna*,
   523 U.S. 1 (1998) ........................................................................................ 5

*Troiano v. Supervisor of Elections in Palm Beach Cty.*,
   382 F.3d 1276 (11th Cir. 2004) ................................................................. 6

*Trump v. International Refugee Assistance*,
   138 S. Ct. 353 (2017) ............................................................................. 7, 8

*United States v. Munsingwear, Inc.*,
   340 U.S. 36 (1950) .................................................................................. 8, 9

*United States v. Secretary, Fla. Dep't of Corr.*,
   778 F.3d 1223 (11th Cir. 2015) ................................................................. 8

*University of Tex. v. Camenisch*,
   451 U.S. 390 (1981) .................................................................................... 8

*Wall v. CDC*,
   No. 21-CV-975, 2022 WL 1619516 (M.D. Fla. Apr. 29, 2022),
   *appeal in abeyance*, No. 22-11532 (11th Cir.) ..................................... 1, 4

**Statutes:**

Public Health Service Act:
   42 U.S.C. § 247d ........................................................................................ 2
   42 U.S.C. § 247d(a) ................................................................................... 2

Pub. L. No. 118-3, 137 Stat. 6 (2023)............................................................ 2

50 U.S.C. § 1621 ............................................................................................ 2

50 U.S.C. § 1622(a) ....................................................................................... 2

50 U.S.C. § 1622(d) ....................................................................................... 2

**Other Authorities:**

*Declaring a National Emergency Concerning the Novel
  Coronavirus Disease (COVID-19) Outbreak*,
  85 Fed. Reg. 15,337 (Mar. 13, 2020) ........................................................ 2

Lisa M. Gomez, U.S. Dep't of Labor, *What Does the End
  of the COVID-19 Public Health Emergency Mean for
  Health Benefits?* (Mar. 29, 2023),
  https://perma.cc/FYC7-CR36 .................................................................. 7

HHS, *Determination that a Public Health Emergency Exists*
  (Jan. 31, 2020), https://perma.cc/VZ5X-CT5R ....................................... 2

HHS, *Fact Sheet: COVID-19 Public Health Emergency
  Transition Roadmap* (Feb. 9, 2023),
  https://perma.cc/CDL8-QCQR ............................................................ 6-7

HHS, *Renewal of Determination that a Public Health
  Emergency Exists* (Feb. 9, 2023),
  https://perma.cc/NWQ3-L23D?type=image ........................................... 3

*Requirement for Persons To Wear Masks While on
  Conveyances and at Transportation Hubs*,
  86 Fed. Reg. 8025 (Feb. 3, 2021) .............................................................. 3

# INTRODUCTION

Pursuant to this Court's order of April 11, 2023, the government respectfully submits this supplemental brief on the issue of mootness. The Centers for Disease Control and Prevention's (CDC) transportation mask order expired by its terms when the public health emergency ended. Thus, this Court should vacate the judgment below and remand with instructions to dismiss this case as moot. In similar circumstances, the Supreme Court recently vacated a lower court decision as moot because the underlying CDC order expired by its terms when the public health emergency ended. *See Arizona v. Mayorkas*, No. 22-592, 2023 WL 3516120 (U.S. May 18, 2023) (involving CDC orders suspending the introduction of certain noncitizens into the country to prevent the spread of COVID-19). This Court has likewise recognized that "[w]hen a case becomes moot on appeal, under controlling law the Court of Appeals must not only dismiss the case, but also vacate the district court's order." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1340 (11th Cir. 2001). For the same reason, the government does not object to vacatur of the judgment in its favor in *Wall v. CDC*, No. 21-CV-975, 2022 WL 1619516 (M.D. Fla. Apr. 29, 2022), where this Court held the plaintiff's appeal in abeyance pending its disposition of the appeal in this case, *see* Order, *Wall v. CDC*, No. 22-11532 (11th Cir. Apr. 20, 2023).

**STATEMENT**

1. On January 31, 2020, the Secretary of Health and Human Services (HHS) issued a determination that a public health emergency existed as a result of the virus that causes COVID-19. *See* HHS, *Determination that a Public Health Emergency Exists* (Jan. 31, 2020), https://perma.cc/VZ5X-CT5R. That declaration was issued pursuant to section 319 of the Public Health Service Act, 42 U.S.C. § 247d, and, by statute, it would expire after 90 days unless renewed, *see id.* § 247d(a).

On March 13, 2020, then-President Trump issued a determination that the COVID-19 outbreak in the United States constituted a national emergency. *See Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, 85 Fed. Reg. 15,337 (Mar. 13, 2020). That declaration was issued pursuant to 50 U.S.C. § 1621 and, by statute, it would remain in effect for one year (if not extended) or until terminated either by the enactment into law of a joint resolution of Congress or by a proclamation of the President, *see id.* § 1622(a), (d).

As noted in this Court's order, on April 10, 2023, President Biden signed into law a joint resolution of Congress terminating the national emergency. *See* Pub. L. No. 118-3, 137 Stat. 6 (2023). On May 11, 2023, the Secretary's declaration of COVID-19 as a public health emergency expired

2

after having been periodically renewed over the course of the pandemic. *See, e.g.*, HHS, *Renewal of Determination that a Public Health Emergency Exists* (Feb. 9, 2023), https://perma.cc/NWQ3-L23D?type=image.

  2. The CDC order at issue in this case generally required that masks be worn on public transportation and at transportation hubs. *See Requirement for Persons To Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025, 8026 (Feb. 3, 2021). By its terms, the CDC order's effective date provision provided that the order would expire when the section 319 public health emergency ended (if not rescinded earlier). *See id.* at 8030 (specifying that the order would "remain in effect . . . until the Secretary of Health and Human Services rescinds the determination under section 319 of the Public Health Service Act (42 U.S.C. 247d) that a public health emergency exists").

  3. In this case and in *Wall*, different judges on the U.S. District Court for the Middle District of Florida reached opposite results in adjudicating challenges to the transportation mask order. In this case, the judge ruled that the order exceeded the CDC's statutory authority; that it was arbitrary and capricious; and that the CDC did not have good cause to issue the order without going through notice-and-comment rulemaking. In *Wall*, the judge

3

reached the opposite conclusion on each issue (and also rejected the plaintiff's other claims).

The government appealed the judgment in this case, and this Court heard oral argument on January 17, 2023. The plaintiff appealed the judgment in *Wall*, and this Court held that appeal in abeyance pending its disposition of this appeal. *See* Order, *Wall v. CDC*, No. 22-11532 (11th Cir. Apr. 20, 2023).

## ARGUMENT

This Court should vacate the judgment of the district court and remand with instructions to dismiss this case as moot. Plaintiffs sought to prevent enforcement of the CDC's transportation mask order. The expiration of the section 319 public health emergency declaration caused that order to expire by its own terms. That development means that resolution of the dispute in this case (and in the parallel action in *Wall*) would have no concrete effect on the plaintiffs.[1]

As a result, this case no longer presents a live case or controversy, and "the reviewing court can no longer offer any effective relief." *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018). Because "an

---

[1] Mr. Wall also challenged a COVID-testing requirement for international travel that, had it not been previously rescinded, would have also expired when the public health emergency ended.

4

intervening circumstance" has deprived "plaintiff[s] of a personal stake in the outcome of the lawsuit," the case "must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quotation marks omitted); *Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (explaining that federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong").

No exception to mootness applies here. Courts across the country have rejected reliance on mootness exceptions in challenges to COVID-19 public-health measures that were no longer in effect. *See, e.g.*, *Brach v. Newsom*, 38 F.4th 6, 11-15 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 854 (2023); *Resurrection Sch. v. Hertel*, 35 F.4th 524, 528-30 (6th Cir.) (en banc), *cert. denied*, 143 S. Ct. 372 (2022); *County of Butler v. Governor of Pennsylvania*, 8 F.4th 226, 230-31 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 772 (2022); *Spell v. Edwards*, 962 F.3d 175, 178-80 (5th Cir. 2020).

There is no basis to invoke the narrow exception that applies only "when the action being challenged by the lawsuit is capable of being repeated *and* evading review." *Soliman v. United States ex rel. Immigration & Naturalization Serv.*, 296 F.3d 1237, 1242 (11th Cir. 2002). The pandemic conditions that prompted the CDC to issue the transportation masking requirement have subsided, and the "mere

5

possibility" that the CDC might take similar action at some point in the future does not save the case from mootness. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1340 (11th Cir. 2001). Furthermore, "there is no reason to believe that there will be either inadequate time or an inadequate forum in which to litigate the issue[s]" surrounding any presently hypothetical future exercise of agency authority. *Id.*

Nor is there any basis to invoke the exception that applies when a defendant seeks to moot a case "by ending its unlawful conduct once sued." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). This Court has recognized that, "[w]hen government laws or policies have been challenged, the Supreme Court has held almost uniformly that cessation of the challenged behavior moots the suit." *Troiano v. Supervisor of Elections in Palm Beach Cty.*, 382 F.3d 1276, 1283 (11th Cir. 2004). Formal changes to government policy are entitled to a presumption of good faith that generally overcomes concerns of voluntary cessation. *See id.*

Moreover, the mootness here resulted from a fundamental change in public health conditions, as evidenced by the joint resolution of Congress terminating the national emergency. And the expiration of the public health emergency had many consequences unrelated to the transportation mask order at issue here. *See, e.g.*, HHS, *Fact Sheet: COVID-19 Public*

6

*Health Emergency Transition Roadmap* (Feb. 9, 2023), https://perma.cc/CDL8-QCQR; Lisa M. Gomez, U.S. Dep't of Labor, *What Does the End of the COVID-19 Public Health Emergency Mean for Health Benefits?* (Mar. 29, 2023), https://perma.cc/FYC7-CR36.

That the government continues to defend the legality of its action "has little, if anything, to do . . . with the voluntary-cessation analysis." *Keohane v. Florida Dep't of Corr. Sec'y*, 952 F.3d 1257, 1269 (11th Cir. 2020). The transportation mask order provided at the outset that it would expire when the public health emergency ended. That has now happened and the transportation mask order "expired by its own terms," rendering this case moot. *Trump v. International Refugee Assistance*, 138 S. Ct. 353, 353 (2017) (quoting *Burke v. Barnes*, 479 U.S. 361, 363 (1987)); *Aaron Private Clinic Mgmt. LLC v. Berry*, 912 F.3d 1330, 1335 (11th Cir. 2019) (stating that an enforcement challenge "becomes moot when that law is no longer effective"); *see also Brach v. Newsom*, 38 F.4th 6, 12 (9th Cir. 2022) (en banc) (collecting cases and concluding that voluntary cessation doctrine was not implicated where the challenged orders "expired by their own terms after COVID-19 transmission rates declined and stabilized" (quotation marks omitted)), *cert. denied*, 143 S. Ct. 854 (2023).

7

Accordingly, this Court should vacate the district court's judgment and remand with instructions to dismiss the case as moot. While the question whether to vacate a lower court order after mootness is equitable and case-specific, the Supreme Court has stated that the "ordinary practice" is to vacate lower court decisions when a case becomes moot on appeal. *Alvarez v. Smith*, 558 U.S. 87, 94, 97 (2009); *University of Tex. v. Camenisch*, 451 U.S. 390, 394 (1981); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950); *see also Arizona v. Mayorkas*, No. 22-592, 2023 WL 3516120 (U.S. May 18, 2023) (vacating lower court decision when the challenged CDC public-health measure expired by its terms); *Trump v. International Refugee Assistance*, 138 S. Ct. 353, 353 (2017) (vacating lower court judgment when the challenged policy expired by its terms).

This Court likewise has explained that "[w]hen a case becomes moot on appeal, under controlling law the Court of Appeals must not only dismiss the case, but also vacate the district court's order." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1340 (11th Cir. 2001); *see also Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022); *United States v. Secretary, Fla. Dep't of Corr.*, 778 F.3d 1223, 1229-30 (11th Cir. 2015); *In re Ghandtchi*, 705 F.2d 1315, 1316 (11th Cir. 1983). And other courts of appeals have instructed district courts to vacate judgments after challenged COVID-19 measures

have expired. *See, e.g.*, *Brach v. Newsom*, 38 F.4th 6, 14-15 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 854 (2023); *Resurrection Sch. v. Hertel*, 35 F.4th 524, 530 (6th Cir.) (en banc), *cert. denied*, 143 S. Ct. 372 (2022); *County of Butler v. Governor of Pennsylvania*, 8 F.4th 226, 232 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 772 (2022); *Spell v. Edwards*, 962 F.3d 175, 178-80 (5th Cir. 2020).

Vacatur is likewise appropriate here "to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950). If the Court concludes that the judgment below should not be vacated as moot, however, then the Court should reverse the judgment below on the merits or, at a minimum, confine relief to the five individuals identified below for the reasons set out in our prior briefing.

## CONCLUSION

This Court should vacate the judgment of the district court and remand with instructions to dismiss this case as moot. Alternatively, if the Court concludes that the judgment should not be vacated as moot, the Court should reverse the judgment for reasons set out in our prior briefs.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*

ROGER B. HANDBERG
  *United States Attorney*

ALISA B. KLEIN

  *s/ Brian J. Springer*
BRIAN J. SPRINGER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7537*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 616-5446*
  *brian.j.springer@usdoj.gov*

May 2023

## CERTIFICATE OF COMPLIANCE

This brief complies with the page limit in this Court's April 11, 2023 briefing order because it is ten pages long.  This brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Georgia 14-point font, a proportionally spaced typeface.

 

                                               *s/ Brian J. Springer*
                                               Brian J. Springer

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2023, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*s/ Brian J. Springer*
Brian J. Springer